386 So.2d 179 (1980)
Frederick SOILEAU, Plaintiff-Appellee,
v.
EVANGELINE FARMER'S CO-OP et al., Defendants-Appellants.
No. 7710.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*181 Dubuisson, Brinkhaus & Dauzat, Jerry J. Falgoust, Opelousas, for defendants-appellants.
Fruge & Vidrine, Richard W. Vidrine, Ville Platte, Sessions, Fishman, Rosenson, Boisfontaine and Nathan by Robert C. Lowe, New Orleans, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Frederick Soileau, instituted this suit for damages, alleging as grounds therefor that he purchased 75 bushels of soybean seed, purported to be the "Dare" variety, which in actuality were a mixed variety which caused uneven plant maturity with a concomitant loss of yield and damages to the soybeans harvested. Made defendants were Evangeline Farmers Co-op, Inc. (Evangeline); Southern Farmers Association (SFA); Collier-Cain-Alexander Seed and Grain Company (Collier); and Miller Mutual Insurance Company, insurer of Evangeline.
Plaintiff purchased the soybean seed in question on April 24, 1978, from Evangeline, a Louisiana corporation. Evangeline had purchased the seed from SFA, a foreign corporation authorized to do business in Louisiana, who, in turn, had purchased the seed from Ring Around Products, Inc. (Ring Around), a foreign corporation authorized to do business in Louisiana, who originally purchased the seed from Collier, an Arkansas partnership, which grew the seed and packaged it for sale.
After the initial filing of suit, SFA filed a third party demand against Ring Around, who thereafter, filed a third party demand against Collier. Collier filed an exception of lack of personal jurisdiction to the original lawsuit and the third party demand of Ring Around and an exception of insufficiency of service of process to the plaintiff's petition.[1] Trial of the exceptions was fixed for October 30, 1979. On October 16, 1979, Ring Around caused a subpoena duces tecum to be issued to Collier through its attorney of record ordering the production of certain business records for the hearing on the exceptions set for October 30, 1979. On October 24, 1979, Collier filed a motion for a protective order seeking to have the court quash the previously ordered subpoena duces tecum or to limit the records ordered to be produced in compliance therewith. All exceptions and the motion were heard on October 30, 1979, and in a judgment rendered without written reasons on November 28, 1979, the trial court ruled in favor of Collier on all issues sustaining both exceptions and the motion for a protective order, and dismissed plaintiff's demand and Ring Around's third party demand against Collier. From this judgment plaintiff and Ring Around have appealed.

JURISDICTION
Appellants rely on Louisiana's Long Arm Statute, which is contained in LSA-R.S. 13:3201, and specifically section (d) thereof, to support the proposition that Collier is amenable to suit in this state. LSA-R.S. 13:3201 provides in part as follows:
"A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from the nonresident's

(a) transacting any business in this state;

(b) contracting to supply services or things in this state;

*182 (c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;..."
It is well settled that the legislative intent in enacting this statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i. e., to any non-resident who has "minimum contacts" with this state. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973), and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968). This jurisprudence requires a liberal interpretation of LSA-R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App. 3rd Cir. 1979).
The finding of jurisdiction over non-residents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and "traditional notions of fair play and substantial justice" as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973).
The evidence adduced at the hearing on the exceptions shows that Collier is an Arkansas partnership, and has never qualified or been authorized to do business in Louisiana. It employs no personnel in Louisiana, has no salesmen, telephone or office here, and has no appointed agent for service of process in Louisiana. Collier's sales are FOB their plant in McCroy, Arkansas, and the responsibility of arrangements for the shipment of seed purchased is on the buyer as Collier owns no trucks and makes no deliveries. Collier sells seed to Ring Around, d/b/a Moss Seed Company out of Little Rock, Arkansas. Ring Around introduced into evidence thirty-seven invoices it had received from Collier in connection with seed purchases made in 1978. On each invoice is reflected the quantity and description of seed purchased, the purchase price, and the place where the seeds were being shipped. Ten of the invoices reflected that seed purchases totalling the amount of $65,057.50 were made by Ring Around from Collier for shipment to Evangeline in Ville Platte, Louisiana. The remaining twenty-seven invoices reflected that seed purchases totalling the amount of $192,631.25 were made by Ring Around from Collier for delivery in eleven different locations in Louisiana. Collier also occasionally sold seed in Louisiana through Arkansas brokers in which case the Louisiana purchaser was billed directly. The amount of these additional sales through brokers is not reflected by the record. Collier solicited business through advertisements in an industry publication, the Southern Seedsman Buyers Guide, which is circulated in at least sixteen southern states, including Louisiana.
Plaintiff in petition alleges that because of the negligent marking, processing, and packaging of the soybean seed by the named defendants, including Collier, he sustained the following injuries and damages: reduction in yield, $6,000.00; damage to soybeans harvested, $300.00; mental anguish and distress, $5,000.00; and inconvenience, $5,000.00. Plaintiff's allegations of the aforestated damages caused by defendants' alleged fault clearly sets forth a cause *183 of action based on an offense or quasi offense within the contemplation of LSA-C.C. Article 2315 et seq. and makes LSA-R.S. 13:3201(d) the applicable provision of the long arm statute in asserting jurisdiction in personam over the non-resident Collier.
From the evidence adduced at the hearing it was shown that Collier made sales in excess of $250,000.00 of seeds which were shipped to growers in Louisiana. As shown by the invoices Collier had full knowledge that these seeds were being shipped from Collier's plant in Arkansas directly into Louisiana for resale and planting. There can be no doubt that Collier derived substantial revenue from its seed resold and consumed in this state. The knowledge with which Collier sold the seed to Ring Around, i. e., that the seed was bound for Louisiana farms, shows that Collier purposefully and systematically availed itself of the privilege of entering its products into the commercial markets of Louisiana. Under these circumstances we hold that Collier is amenable to suit in this state under the provisions of LSA-R.S. 13:3201(d) and that the trial court erred in sustaining the exception to jurisdiction filed by Collier to plaintiff's demand and the third party demand of Ring Around. As was stated in Liddell v. Hanover Insurance Company, 289 So.2d 299 (La.App. 1st Cir. 1973):
"... the manufacturer of a product who sells in its home or another state with knowledge that its product will systematically be resold and consumed or used in Louisiana, and who derives substantial income therefrom, has sufficient contact with this state for us to assert jurisdiction. The statute was passed for the purpose of giving Louisiana citizens maximum access to nonresident defendants. The state has a manifest interest in protecting its citizens who are commercially or physically injured by nonresidents. ..."
See also Boykin v. Lindenkranar, 252 So.2d 467 (La.App. 4th Cir. 1971), writs refused.[2]

INSUFFICIENCY OF SERVICE OF PROCESS
Plaintiff attempted to have his petition served on Collier through the Secretary of State as a foreign corporation authorized to do business in Louisiana. Collier is an Arkansas partnership not authorized to do business in Louisiana and without an agent for service of process in this state. Plaintiff concedes that his attempt at service was ineffective. Plaintiff contends, however, that when the trial court sustained the declinatory exception based on the objection of insufficiency of process, it should have ordered him to remove the grounds therefor within a delay allowed by the court is provided for in LSA-C.C.P. Article 932. Article 932 provides in pertinent part as follows:

"When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court. ..."
The trial court obviously failed to observe the provisions of Article 932 because of its finding of lack of jurisdiction. As we have found the trial court does have jurisdiction over Collier in this matter and since the grounds of the objection raised in the declinatory exception can be removed by complying with the provisions of LSA-R.S. 13:3204, plaintiff should be allowed a reasonable delay in order to make proper service on Collier.
For the above and foregoing reasons, that part of the judgment of the District Court sustaining the declinatory exception of lack of personal jurisdiction over Collier and dismissing the demand of Frederick Soileau and dismissing the third party demand of Ring Around is hereby reversed and set *184 aside and it is now ordered, adjudged and decreed that said exception is hereby overruled. That part of the trial court's judgment sustaining Collier's declinatory exception of insufficiency of service of process is affirmed but amended so as to allow plaintiff a reasonable time not to exceed thirty days from and after the finality of this judgment, in which to cure the defect of service in the manner set forth above.
This case is now remanded for further proceedings consistent with the views herein expressed and in accordance with law.
Appellee, Collier, is assessed with all costs of this appeal. Assessment of costs in the trial court are to await the final determination of this cause.
REVERSED IN PART; AFFIRMED AS AMENDED IN PART; AND, REMANDED.
NOTES
[1] The exception of insufficiency of citation was not directed against the third party demand filed by Ring Around against Collier.
[2] Appellants additionally specified as error that the trial court erred (1) in granting the motion for protective order and (2) in not finding that Collier waived its exception of lack of jurisdiction by making a general appearance. We do not reach these issues as it is unnecessary in light of our finding jurisdiction on the basis of the evidence adduced.