451 So.2d 148 (1984)
David CORNISH
v.
Dale L. FREEMAN, et al.
83 CA 0651.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*149 Richard D. McShan and W. Hugh Sibley, Greensburg, for plaintiff-appellant.
Iddo Pittman, Jr., Hammond, for defendant-appellee, State Farm.
Robert E. Birtel, Metairie, for defendant-appellee, St. Paul Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment maintaining a peremptory exception of res judicata in favor of defendant-appellee, Pamela Hayes. Plaintiff-appellant, David Cornish, filed suit for damages allegedly resulting from a three car accident in which he was involved on March 14, 1981. Named as defendants were Dale L. Freeman and his insurer, St. Paul Insurance Company, and Pamela L. Hayes and her insurer, State Farm Mutual Automobile Insurance Company. Prior to trial, plaintiff entered into a settlement with defendants Freeman and St. Paul dismissing them from the suit but reserving his rights against defendants Hayes and State Farm.
On the day this matter was scheduled for trial it became apparent that plaintiff had failed to perfect service on defendant Hayes.[1] Counsel for plaintiff decided to pursue the case against defendant State Farm only, neither dismissing defendant Hayes from the suit nor specifically reserving any rights against her. The jury returned a verdict in favor of State Farm and no appeal was taken from the judgment. Subsequently, plaintiff perfected service upon defendant Hayes. In response to this service, defendant Hayes filed the exception of res judicata which the trial judge maintained and which is the subject of this appeal. We affirm.
LSA C.C. art. 2286 provides, "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." In the landmark case of Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978), the Louisiana Supreme Court found that, "Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of the `cause' and (3) an identity of the thing demanded" (citations omitted). We must, therefore, determine if the three essential elements of res judicata, as explained in Welch, are present under the facts of this case.
It is apparent from a simple review of plaintiff's petition that two of the three essential elements, cause and the thing demanded, are the same in these two cases. As this court stated in Ditch v. Finkelstein, 399 So.2d 1216, 1221 (La.App. 1st Cir.1981),

*150 It has been noted by the Louisiana Supreme Court that "cause of action" is a mistranslation and should read simply "cause." In order to determine the meaning of the work "cause" civilian doctrine should be examined. Mitchell v. Bertolla, 340 So.2d 287 (La.1976), rehearing denied 1976.
In his Civil Law Treatise (Traité élémentaire de droit civil), Planiol defines cause as "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." 2 Planiol, Civil Law Treatise, pt. 1, no. 54A(6) at 38 (11th ed. La.St.L.Inst. transl. 1959). In this same source he states, "Without doubt no difficulties are encountered when the claim has its object a real right or a debt; the cause is the principle giving rise to the right; in the case of a real right it is a purchase, a donation, a legacy, etc;"
The principle giving rise to the right claimed (i.e. the cause) in each of these two cases is a tort. Additionally, the thing demanded in each of these two cases, money damages for the alleged tort, is identical.
We are of the opinion that the third essential element of res judicata, the identity of the parties, although much less apparent, is present in this case. In Welch, supra at 156, the Louisiana Supreme Court determined that, "There exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same `quality' as parties" (emphasis ours). We find that under these facts, defendants share the "same quality as parties."
LSA R.S. 22:655, Louisiana's Direct Action Statute, provides in pertinent part, "... The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and the insurer jointly and in solido...." It is clear, therefore, that within the policy limits, the insured and insurer are solidary obligors. Additionally, LSA C.C. art. 2095 gives the creditor the right to bring separate suits on the same account against all those solidarily obligated to him. This, however, does not preclude a finding of res judicata as to a named insured when the insurer alone is sued, provided that policy limits are not exceeded and the essential elements of res judicata are present.
It has been held that the Direct Action Statute is remedial rather than substantive, and thus, it does not have the effect of creating separate and distinct causes of action, one against the insurer alone and one against the insured and the insurer. Finn v. Employers' Liability Assurance Corporation, 141 So.2d 852 (La.App. 2nd Cir.1962). The fact that plaintiff is afforded an option as to who he will proceed against does not change the fact that he has but one cause of action arising from the circumstances of this case. In Finn, at page 864, the court stated, "In Sewell v. Newton, La.App. Orleans, 1934, 152 So. 389, 393, it was held that an unsuccessful suit against an insured who carried automobile liability insurance did not bar or preclude the injured party from bringing another suit against the insurer." We note that this statement is almost a verbatim quote of headnote 5 of the Sewell case, however, the actual language of the Sewell opinion quoted as supporting this proposition does not do so.
In the Sewell case, Mr. Sewell was involved in an intersectional collision with a Mr. James, the chauffeur of defendant Newton. The car being operated by Mr. James was on loan to Mr. Newton from the Cadillac Motor Car Company who actually owned the automobile. Plaintiff Sewell filed suit against Mr. Newton and the Cadillac Motor Car Company. Cadillac reconvened for damages to its vehicle. The court determined that Mr. Sewell was guilty of negligence thus barring his recovery. The court went on to find that Cadillac was entitled to recover from Sewell for the actual damage to its vehicle. The language from the Sewell case relied upon by the Finn court reads as follows,

*151 Plaintiff needs no reservation of its rights against the insurance carrier of Sewell. Under the statute referred to (Act No. 55 of 1930), its right is to proceed directly against either the principal or the insurer, or both, and to seek solidary judgments. So long as the claim is not paid by one, the right to sue the other exists. Under article 2095 of the Revised Civil Code, where two or more persons are solidarily obligated, "a suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others."
Our reading of the Sewell case leads us to the conclusion that the court was referring to the plaintiff in reconvention (Cadillac), rather than the plaintiff in the main demand, Sewell. Cadillac had obtained a judgment finding Sewell guilty of negligence and awarding damages. The court merely stated that Cadillac was not required to reserve its rights against Sewell's insurer, who was solidarily liable with its insured. We agree that this was a correct statement of the law as regards that case, but we are faced with a different situation in the case at hand.
In this case, the jury made a specific factual finding that Hayes was not at fault in causing plaintiff's damages. The jury interrogatory read, "Do you find Pamela Hayes, for whom State Farm Mutual Automobile Insurance Co. is legally responsible, was at fault in causing David Cornish injury in this case." The jury answered the question in the negative. State Farm has no independent identity in this case absent a finding of fault on the part of Hayes. State Farm's liability to plaintiff for his damages can only arise upon a finding that its insured was negligent, and such negligence caused plaintiff's damages. We find that under these circumstances, not only do State Farm and Hayes "share the same quality as parties," but in essence their identities are virtually merged into one, to the extent of the policy limits. In conclusion, we note that this case involves only a situation where the insurer's policy limits have not been exceeded.
Therefore, for the foregoing reasons, the judgment of the trial court maintaining the exception of res judicata in favor of defendant Pamela Hayes is hereby affirmed. Plaintiff-appellant is cast with costs of this appeal.
AFFIRMED.
NOTES
[1] Defendant Hayes is a Mississippi resident, and thus, plaintiff was required to utilize Louisiana's Long Arm Statute, LSA R.S. 13:3201, et seq. Counsel for plaintiff had failed to file into the record his affidavit stating that a copy of the citation and petition had been mailed to defendant in accordance with the statute.