LOBRANO, Judge.
This appeal arises out of a claim for worker’s compensation filed by plaintiff, Eddie Walker against numerous defendants, including Southwest Distributors and their insurer, United States Fidelity and Guaranty Company (USF & G). The sole issue for our determination is whether or not the trial court erred in overruling Southwest’s exceptions of insufficiency of service and lack of personal jurisdiction.
Southwest Distributors is a Mississippi Corporation licensed by Anheuser-Bush to sell beer wholesale in the State of Mississippi. Its main office is in Natchez, Mississippi with a branch in Macomb, Mississippi. Southwest Distributors does not sell beer in the State of Louisiana and is in fact restricted by contract with Anheuser-Bush to sales only in the State of Mississippi. Southwest Distributors has no offices in Louisiana and is not licensed to do business in this state.
*161 In July, 1982, Southwest ordered a truck load of beer from the Anheuser-Bush Brewery in Houston, Texas. The traffic department of Anheuser-Bush scheduled a common carrier to haul the beer from Houston, Texas to Macomb, Mississippi, contracting with Over the Road Trucking, who in turn contacted Steve Bush d/b/a/ Stebe Trucklines, who in turn hired Eddie Walker, the plaintiff. Over the Road Trucking is based in Houston, Texas.
Walker was operating a semi-truck which was leased by Stebe Trucking to Over the Road Trucking on the date of his accident. The accident itself occurred while loading in Houston, Texas. Walker initially brought his action against Over the Road Trucking and Anheuser-Bush. Subsequently he named Southwest Distributors as a party defendant along with its insurer USF & G.
Walker attempted to serve Southwest through the La. Long Arm Statute. Southwest filed a declinatory exception under Article 925 of the Code of Civil Procedure, asserting insufficiency of service and lack of personal jurisdiction. That exception was denied.
Louisiana’s Long Arm Statute, La.R.S. 13:3201 provides:
“A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child or spouse pr a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream or commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer’s marketing practices.”
The purpose and intent of the legislature in enacting the long, arm statute was to extend the personal jurisdiction of Louisiana Courts over non-residents to the full limits of due process, i.e. to any non-resident who has minimum contacts in this State. See, Adcock v. Surety Research and Investment Corp., 344 So.2d 969 (La.1977).
Although the statute is an expansion of the traditional jurisdiction of state courts, there are limits on its application imposed by such landmark U.S. Supreme Court cases as Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1943). Essentially, those decisions require that to obtain jurisdiction in person-am over a non-resident there must be sufficient minimum contacts by that non-resident with the forum state to satisfy due process and traditional notions of fair play and substantial justice. The facts and circumstances of each case will determine whether a particular defendant has the required sufficient contact to establish jurisdiction. Adcock v. Surety Research and Investment Corp., supra; Soileau v. *162 Evangeline Farmer’s Co-op, 386 So.2d 179 (La.App. 3rd Cir.1980).
In the instant case, it is clear to this Court that Southwest did not make the decision on who to call to deliver the beer from Texas to Mississippi. It could not have known that a Houston brewery would contact a Houston Trucking company who would then contact Stebe Trucking, who in turn would hire a Louisiana driver. We are of the opinion that Southwest did not purposely avail itself of the benefits and protections of this State, and clearly lacks the minimum contacts necessary to satisfy La.R.S. 13:3201, and the Constitutional due process requirements.
We hold that the trial court was in error, and therefore reverse its ruling. The exception of Southwest is maintained because of lack of jurisdiction. Plaintiffs suit is dismissed at his cost.
REVERSED AND RENDERED.