499 So.2d 669 (1986)
Marguerite B. FUNAI, et al., Plaintiffs-Appellants,
v.
AIR CENTER, INC., et al., Defendants-Appellees.
No. 86-45.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*670 Robert S. Cooper, Jr., Baton Rouge, for plaintiffs-appellants.
Thomas, Dunahoe, Edwin Dunahoe, Natchitoches, William A. Porteous, III of Porteous, Hainkel, etc., Christovich and Kearney, R.K. Christovich, New Orleans, F. Drake Lee, Jr., of Cook, Yancey, Shreveport, for defendants-appellees.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
The above numbered and entitled case together with the case of Winans v. Air Center, Inc., 499 So.2d 674 (La.App. 3rd Cir.1986), are consolidated for appeal. We will consider both appeals herein, but will render a separate opinion in case No. 86-46.
These consolidated actions were brought by the widows and surviving children of Alfred C. "Luke" Funai and L.H. "Buddy" Winans who were killed in an airplane crash on April 27, 1978, in Natchitoches Parish, Louisiana. On April 27, 1979, suits were filed in Oklahoma by the surviving members of each family against various corporations including Air Center, Inc., the defendant in the present case.
The plaintiffs thereafter brought an action in the United States District Court for the Western District of Louisiana against the same defendants with the exception of Air Center. The case was tried and judgment was rendered in favor of all defendants.
The present actions were filed on August 15, 1983, in the Tenth Judicial District Court, Parish of Natchitoches, against several of the same defendants named in both the Oklahoma and federal actions. Pursuant to an Order issued by the United States District Court, the plaintiffs herein filed a motion to dismiss all of the defendants in these cases except Air Center and its liability insurer, Associated Aviation Underwriters (AAU).
Air Center and AAU thereafter filed declinatory exceptions based on improper venue and lack of personal jurisdiction. The *671 exception of improper venue was withdrawn by Air Center prior to judgment on the exceptions. They also filed an exception on the basis of La.C.C.P. Article 532 which allows a court to stay all proceedings where there is another suit first brought in a court of another state on the same cause of action, between the same parties, and having the same object.
The district judge, after a hearing on the aforestated exceptions, sustained the defendants' exception of lack of personal jurisdiction.[1] From this judgment, the plaintiff has appealed.
The issues raised on appeal are:
(1) Whether the trial court erred in failing to find jurisdiction under La.R.S. 13:3201(4), and
(2) Whether, in the event this court finds jurisdiction, these proceedings should be stayed under La.C.C.P. Art. 532 until the actions in Oklahoma reach final judgment.
The plaintiffs contend that the district judge erred in finding that the district court did not have personal jurisdiction over the defendants. The applicable provision of La.R.S. 13:3201, Louisiana's long-arm statute, provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
* * * * * *
(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state."
It is well-settled that the legislative intent in adopting this statute was to extend personal jurisdiction of Louisiana courts over nonresidents consistent with the due process clause of the Fourteenth Amendment. Clay v. Clay, 389 So.2d 31 (La. 1979); Soileau v. Evangeline Farmer's Co-op, 386 So.2d 179 (La.App. 3rd Cir. 1980). In order to satisfy due process requirements a nonresident must have "certain minimum contacts [with the forum state] ... such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances of each case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (La. 1973); Soileau, supra.
At the hearing on the exceptions, the evidence consisted solely of documents filed into evidence by both parties as no witnesses were called to testify. One of the plaintiffs' offerings, Plaintiffs' Request for Admissions, revealed certain undisputed facts, the following of which are pertinent to this discussion:
"(1) That on April 27, 1978, a Jet Commander aircraft model 1121A, S/N, F.A.A. registration number 250UA crashed between Gorum and Flatwoods, Louisiana, in Natchitoches Parish, State of Louisiana (hereinafter referred to as `the aircraft').
(2) That L.H. Winans and Alfred Charles Funai were on board the aircraft at the time of the crash and were killed as a result thereof on April 27, 1978."
In addition, the depositions of Air Center executives B.W. O'Berg and James L. Whaylen, offered by the plaintiffs in evidence, show that Air Center is an Oklahoma corporation which employs no personnel in Louisiana and has no offices located *672 in Louisiana. According to Mr. O'Berg, Air Center does solicit business throughout the United States including Louisiana for the maintenance and modification of aircrafts "... by both telephone, by direct mailing and by being one of the five service centers that maintain this type of aircraft in the United States." Air Center sends a newsletter at least four times a year to previous customers and to all aircraft owners whose names are acquired by Air Center by subscribing to the Insured Aircraft Title Service. The newsletter contains "... a questionnaire and a return-type tear-off tab [which] ... you tear off and mail back postage-free." Mr. O'Berg stated that Air Center also advertises in the national magazines. At the time of the accident, Louisiana Power & Light, Olin-Matheson, and Ford, Bacon and Davis were some of Air Center's customers from Louisiana.
The plaintiffs allege in their petition that because of defendant Air Center's failure to detect fuel leaks in the aircraft and to exercise reasonable care in maintaining and repairing the aircraft, plaintiffs' decedents were killed when the plane they were occupying crashed. The plaintiffs' allegations, coupled with the damages they seek, set forth causes of action under La.C.C. Art. 2315 and makes La.R.S. 13:3201(4) the applicable provision of the long-arm statute in asserting personal jurisdiction over Air Center and its liability insurer.
The district judge, in his reasons for judgment, concluded that in order to assert jurisdiction under La.R.S. 13:3201(4), the plaintiffs must allege that an act of negligence occurred in Natchitoches Parish. In ruling that the district court was without jurisdiction under La.R.S. 13:3201(4), the judge relied on the case of Robinson v. Vanguard Insurance Company, 468 So.2d 1360 (La.App. 1st Cir.1985), writ denied, 472 So.2d 34 (La.1985), writ denied, 472 So.2d 924 (La.1985), which counsel for the defendants brought to the court's attention.
The defendant cited Robinson, supra, for the proposition that there must be some nexus between the business transacted by Air Center and the causes of action asserted by the plaintiff. However, the court in Robinson, supra, proceeded under La.R.S. 13:3201(1) and not 13:3201(4) because the damage occurred out of rather than in the state of Louisiana.[2] The Robinson case is, therefore, inapplicable to the instant case.
We find that the district judge committed error in ruling that the district court was without jurisdiction under the long-arm statute. La.R.S. 13:3201(4) states only three requirements which must be met before the court can exercise personal jurisdiction over a nonresident defendant:
(1) the nonresident causes injury or damage in this state
(2) by an offense or quasi-offense committed through an act or omission outside of this state, if he
(3)(a) regularly does or solicits business
or
(b) engages in any other persistent course of conduct or
(c) derives revenue from goods used or consumed for services rendered in this state.
The first two requirements are satisfied in that Air Center:
(1) worked on the aircraft which crashed in Louisiana causing the death of plaintiffs' decedents, and
(2) was allegedly negligent in failing to detect fuel leaks and properly maintain the aircraft at its service center in Oklahoma.
The third requirement focuses on the contacts between the forum state and the nonresident for due process purposes. In Moore v. Central Louisiana Electric Company, Inc., 273 So.2d 284 (La.1973), the Louisiana Supreme Court found that there were sufficient contacts between two nonresident model airplane manufacturers *673 and Louisiana. With respect to Sig Manufacturing Company, the court stated:
"Sig Manufacturing Company solicits business by national advertising. Its president stated: `As a result of the national advertising carried on by the company, some direct sales are made by the company to individuals and dealers in the State of Louisiana.' Sales are completed by the delivery of merchandise from a warehouse located outside the State of Louisiana."
In the instant case, Air Center's contacts with Louisiana are as significant as those of Sig Manufacturing Company, considering the fact that the newsletters are mailed at least four times a year to potential customers in Louisiana and the fact that Air Center also solicits business by national advertising.
It is clear, therefore, that the requirements of La.R.S. 13:3201(4) were satisfied and the district judge erred in failing to assert jurisdiction over Air Center and its liability insurer.
Having found that the district court has jurisdiction over the defendants, it must be determined whether the lawsuits in Louisiana should be stayed until the actions in Oklahoma reach final judgment. The defendants filed an exception of lis pendens based on the plaintiffs' prior filing of the Oklahoma lawsuits.
La.C.C.P. Article 532 provides:
"When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered."
There is no question, and the plaintiffs do not contend otherwise, that the lawsuits contain the same cause of action and the same object. The plaintiffs, however, maintain that the two actions are not between the same parties in the same capacities.
In Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir.1964), the court stated that the test of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the latter. With respect to identity of parties, the Louisiana Supreme Court in the case of Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978), appeal after remand, 365 So.2d 586 (La.App. 1st Cir.1978), appeal after remand, 393 So.2d 270 (La.App. 1st Cir.1980), determined that, for purposes of res judicata, "... there exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same `quality' as parties." (Emphasis supplied).
In the Louisiana lawsuits, the only two defendants which remain are Air Center and AAU, its liability insurer. With respect to the lawsuits in Oklahoma, the trial judge noted "... that all of the defendants in the Oklahoma suit have been dismissed except for Air Center, Inc."[3]
In Cornish v. Freeman, 451 So.2d 148 (La.App. 1st Cir.1984), writ denied, 458 So.2d 476 (La.1984), the court, citing Welch, supra, was confronted with an action brought against an insured's insurance company under the direct action statute after an unsuccessful action against the insured alone. The court, in ruling that the subsequent case was barred by res judicata, stated that "... not only do State Farm and Hayes `share the same quality as parties,' but in essence their identities are virtually *674 merged into one, to the extent of the policy limits." Id., at 151. Following Cornish, supra, the identities of Air Center and AAU in the Louisiana lawsuits are merged into one; therefore, the defendants are the same for purposes of lis pendens in both the Louisiana and Oklahoma actions.
With respect to the plaintiffs, the Winans' lawsuits in both Louisiana and Oklahoma list the same parties as plaintiffs. The plaintiffs in the Funai lawsuits are also identical with the exception of the suit in Oklahoma which lists the Estate of Alfred Charles Funai, Sr. as an additional plaintiff.[4] Applying the reasoning of Welch, supra, we determine that there is an identity of plaintiffs in the Funai lawsuits because the plaintiffs, bringing both actions as the survivors of Alfred Charles Funai, Sr., "share the same `quality' as parties."
We find, therefore, that the requirements of La.C.C.P. Art. 532 are fulfilled in that the two lawsuits are between the same parties in the same capacities, on the same cause of action, and have the same object. When all of the requirements of article 532 are satisfied, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered. In our discretion, we order that the proceedings below be stayed until the lawsuits in Oklahoma have reached final judgment.
For the foregoing reasons, the judgment of the district court sustaining defendants' exception of lack of personal jurisdiction is reversed. Additionally, it is hereby Ordered that the district court stay all proceedings until the lawsuits in Oklahoma have been discontinued or final judgments have been rendered, and these suits are remanded to the district court for compliance with this order.
Costs of this appeal to be assessed one-half to plaintiffs-appellants and one-half to defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] The district judge commented that if this ruling is reversed on appeal, he would stay all proceedings until the lawsuits in Oklahoma reach final judgment.
[2] La.R.S. 13:3201(1) provides:

"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
1. Transacting any business in this state."
[3] AAU was not named as a defendant in the Oklahoma lawsuit because Oklahoma does not confer upon the plaintiffs in a lawsuit a right of direct action against the insurer. On the other hand, Louisiana allows an action to be brought under La.R.S. 22:655, which provides in part:

"... The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and the insurer jointly and in solido...."
[4] The estate of Alfred Charles Funai, Sr. was listed as an additional plaintiff in the Oklahoma petition pursuant to Okla.Stat.Ann. Title 12, § 1053, which in part provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission...."
The Funai survivors filed their action in Louisiana under La.C.C. Art. 2315 which provides a right of action for wrongful death to the surviving spouse and children, but not the estate, of the deceased.