640 So.2d 314 (1994)
Donna Sue MAYO, et al., Plaintiffs-Appellants,
v.
TILLMAN AERO, INC., et al., Defendants-Appellees.
No. 93-00467.
Court of Appeal of Louisiana, Third Circuit.
February 16, 1994.
*316 Johnny Everett Dollar, West Monroe, for Donna Sue Mayo, Indiv., etc.
Jesse R. Adams Jr., New Orleans, for Tillman Aero, Inc., et al.
C. Jerome D'Aquila, New Roads, for Johnny W. Levasseur.
E. Glenn Parr, Vero Beach, FL, for Piper Aircraft Corp.
Joseph Wilson, Jena, for Western Aviation, Inc.
Donald O. Collins, New Orleans, for Precision Airmotive Corp.
L. Albert Forrest, New Iberia, for Textron Lycoming.
Eugene Joseph Sues, Randall M. Seeser, Alexandria, for Western Sun Aviation, Inc., etc.
Before COOKS, SAUNDERS and WOODARD, JJ.
SAUNDERS, Judge.
This is an appeal by plaintiff, Donna Sue Mayo, individually and on behalf of her three minor children, from the trial court's judgment granting one of the defendant's, Western Sun Aviation, Inc. (hereinafter WESTERN), Declinatory Exception of Lack of Personal Jurisdiction. We affirm the trial court's decision and find that the plaintiff failed to prove sufficient minimum contacts between the defendant, WESTERN, and the forum state, Louisiana, to satisfy traditional notions of fair play and substantial justice. In addition, we find nothing in the record to indicate that WESTERN was a manufacturer, and therefore, we hold that the district court could not assert jurisdiction under that analysis.
For the reasons which follow, we affirm the judgment rendered by the district court.

FACTS
Plaintiff, Donna Sue Mayo, individually and on behalf of her three minor children, Chad Mayo, Heather Mayo, and Kyle Mayo, filed a suit arising out of the death of her husband and father of her children, Reverend Kenneth G. Mayo, who was killed in an airplane crash on December 15, 1990. Mayo rented a Piper airplane from Tillman Aero, Inc. of Baton Rouge, Louisiana, to fly to Olla, Louisiana, on business. During Mayo's return flight to Baton Rouge, Mayo's airplane developed mechanical problems and crashed in a wooded area near the Olla Airport in LaSalle Parish, Louisiana.
Plaintiff filed suit in the 28th Judicial District Court, LaSalle Parish, Louisiana, against various defendants including a California corporation, Western Sun Aviation, Inc., d/b/a Western Aviation, Inc., d/b/a American Flight Institute International. Plaintiff alleged that WESTERN performed faulty work on the carburetor of Mayo's aircraft that caused the airplane to crash.
WESTERN filed a Declinatory Exception of Lack of Personal Jurisdiction, which the district court granted. Plaintiff appeals the district court's ruling.

I. Issues Presented
Plaintiff contends that the district court erred in finding that the plaintiff failed to show sufficient minimum contacts between WESTERN and Louisiana and that maintenance of the suit would not offend traditional notions of fair play and substantial justice. Plaintiff also contends that the defendant *317 was a manufacturer of a product or component thereof that caused the injury. Characterizing WESTERN as a manufacturer, plaintiff argues that it was foreseeable that the defendant's product would reach Louisiana and that the due process rights of the defendant would not be violated by hailing it into court in Louisiana.

II. Law
To assert personal jurisdiction over a non-resident defendant, the Louisiana long-arm statute, Louisiana Revised Statutes 13:3201, provides in pertinent part:
§ 3201. Personal jurisdiction over nonresidents.
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
* * * * * *
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
* * * * * *
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.
The intent of this statute is to extend personal jurisdiction of Louisiana courts over nonresidents consistent with the due process clause of the Fourteenth Amendment. Clay v. Clay, 389 So.2d 31 (La.1979), Soileau v. Evangeline Farmer's Co-op, 386 So.2d 179 (La.App. 3d Cir.1980).
Due process requires that, in order to subject a non-resident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice, de Reyes v. Marine Mgt. and Consulting, Ltd., 586 So.2d 103 (La. 1991); see also, Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdictiongeneral and specific jurisdiction. Burger King Corporation, 471 U.S. at 473, 105 S.Ct. at 2182; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction over the defendant. de Reyes, 586 So.2d at 115. But, when a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is exercising general jurisdiction (emphasis added). de Reyes, supra. Where a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful minimum contacts is satisfied when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries arising out of or relating to those activities. de Reyes, 586 So.2d at 106. When the cause of action, however, does not arise out of the defendant's purposeful contacts with the forum, due process requires that the defendant be engaged in continuous and systematic contact to support the exercise of general jurisdiction. *318 de Reyes, 586 So.2d at 115. Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances of each case. Funai v. Air Center, Inc., 499 So.2d 669 (La.App. 3d Cir.1986); see also, Drilling Engineering, Inc., v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (La.1973); Soileau, supra.
In Louisiana, regardless of whether personal jurisdiction is being sought under the specific or general jurisdictional analysis, the court must apply a two part due process test: whether the nonresident defendant has established minimum contacts with the forum and whether the maintenance of the suit does not offend traditional notions of fair play and substantial justice. de Reyes, 586 So.2d at 109.
By requiring that the defendant direct his activities at the forum state either by specific acts targeted, for example, at residents of the forum state or by more general acts that would constitute continuous and systematic business activity in the forum state even though that activity is unrelated to the plaintiff's specific claim, the defendant is in the former example explicitly, and in the latter example, impliedly availing himself of the privileges and protections of the forum state. When a defendant deliberately engages in activities within the forum state or creates continuous obligations between himself and the forum state, he avails himself of the privilege of conducting business there and shields himself with the protection of the forum's laws. de Reyes, 586 So.2d at 106; Asahi supra; Burger King Corporation, supra; Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). Based on that conduct by the defendant, the defendant should reasonably anticipate being hailed into court there and, therefore, it would be reasonable to require the defendant to submit to the burdens of litigation in that forum. de Reyes, supra; see also, Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); Asahi, 480 U.S. at 109, 107 S.Ct. at 1030; Burger King Corporation, 471 U.S. at 476, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567. The defendant is thereby insured that he will not be hailed into a jurisdiction solely as a result of a random, fortuitous or attenuated contact and the critical due process considerations are satisfied. See, World-Wide Volkswagen, supra; see also, Burger King Corporation, supra; Keeton, supra; Asahi, supra.
While thus far our review of the courts' minimal contacts analyses has dealt with the majority of opinions where the court focused on the defendant's relationship to the forum state, the courts have also noted that the sufficiency of minimal contacts can in an appropriate case be considered in light of other relevant factors, including the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, at least where that interest is not adequately protected by the plaintiff's power to choose the forum, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. de Reyes, 586 So.2d at 106; Asahi, 480 U.S. at 113, 107 S.Ct. at 1033; Burger King Corporation, 471 U.S. at 477, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 292, 100 S.Ct. at 564. Consequently, a plaintiff can successfully establish the court's right to assert personal jurisdiction over a non-resident defendant when he presents sufficient minimal contacts that do not alone satisfy due process considerations. For example, when a plaintiff presents sufficient minimal contacts between the defendant and the forum state that might otherwise be relatively limited or small in number, a court may still find the contacts sufficient to satisfy due process requirements when the evidence of contacts or lack thereof is outweighed by the strength of evidence of the other relevant factors outlined in de Reyes. See, Burger King Corporation, supra; Madara v. Hall, 916 F.2d 1510 (11th Cir.1990).
In sum, the courts have held that the inquiry is whether the plaintiff presented sufficient evidence of minimal contacts and whether based on those contacts it is fair and consistent with due process to hail the nonresident *319 defendant into court in the forum state. In addition, the court must consider the weight of evidence of defendant's contacts with the forum against the evidence of the other relevant factors outlined in de Reyes.
Therefore, under Louisiana Revised Statutes 13:3201 and current jurisprudence relating to due process, three requirements must be met before the district court in this case can exercise personal jurisdiction over WESTERN:
(1)(a) Western caused injury or damage in this state; or
(b) the offense or quasi-offense was committed by WESTERN through an act or omission outside of this state; or
(c) WESTERN manufactured a product or component thereof that caused injury or damages in this state;
(2) the plaintiff has established sufficient minimal contacts; and
(3) maintenance or denial of the suit in Louisiana does not violate traditional notions of fair play and substantial justice.
The plaintiff has the burden to prove that the court's assertion of personal jurisdiction over the non-resident defendant is appropriate. Once the plaintiff has established that the defendant has had sufficient minimal contacts with the forum state a presumption arises that assertion of personal jurisdiction by the state court is reasonable. The burden then shifts to the defendant to prove that the state court's assertion of personal jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice. See, de Reyes, 586 So.2d at 107; see also, Wright and Miller, Federal Practice and Procedure, § 1067, at pp. 301-2.

III. DISCUSSION
The testimony at the hearing on the Declinatory Exception of Personal Jurisdiction and the deposition of Mr. Foster, president of WESTERN, submitted by plaintiff failed to establish sufficient minimum contacts between WESTERN and Louisiana.
We first analyze this case under the "specific jurisdiction" analysis. For a Louisiana court to exercise personal jurisdiction using this analysis, the plaintiff must show that the defendant purposefully directed its activities at residents of the forum and the litigation results from injuries arising out of or relating to those activities. WESTERN's only contacts, whether purposeful or fortuitous, with Louisiana were limited to and dealt exclusively with advertisements in national publications concerning its flight school or pilot training services. Nothing in the record indicates that the plaintiff's suit arises out of or is even remotely related to WESTERN's flight training activity, therefore, the district court has no authority to assert personal jurisdiction over WESTERN using this analysis. Because there is no nexus between WESTERN's contact with Louisiana and the plaintiff's suit, we need not consider whether the contact was purposefully directed at the residents of Louisiana.
We now address whether the district court can assert personal jurisdiction over WESTERN using the "general jurisdiction" analysis. Plaintiff argues that WESTERN has engaged in continuous and systematic contact with Louisiana to support the district court's exercise of personal jurisdiction because it held Federal Aviation Administration (FAA) licenses to perform a variety of aviation services on airplanes and it advertised some of these services in national publications that reached Louisiana residents.
As to plaintiff's first argument, we do not find that WESTERN's holding of FAA licenses to sell, rent, or maintain airplanes, which by their nature are arguably "uniquely transitory objects", sufficient to constitute continuous and systematic contact with Louisiana. If anything, WESTERN's serving from time to time of a Louisiana resident seeking pilot training or a Louisiana plane owner requiring maintenance on his plane would only be fortuitous and random contact with Louisiana. We do not find WESTERN's offering of various FAA approved services to its California customers and occasional non-California customers continuous and systematic contact with Louisiana. The mere holding of any FAA license that presumably entitles defendant to service airplanes from anywhere in the country including *320 Louisiana is not continuous and systematic contact with Louisiana.
As to plaintiff's second argument, we do not find that WESTERN's advertising of its pilot training operations constituted continuous and systematic contact with Louisiana. Plaintiff cites to Funai, 499 So.2d 669 to support her contention. The Funai case, however, differs dramatically from this case in that the defendant continuously solicited by newsletter certain Louisiana residents who owned specific types of planes on which defendant offered its maintenance services. From those solicitations, the defendant made continuous contact with Louisiana residents and developed customers in Louisiana that it serviced on a regular basis. In this case, WESTERN's only significant contact with Louisiana came from its general advertisements of flight training services in national and international publications of which none were directed at Louisiana. WESTERN held no advertising contracts with Louisiana publications and had no agents in Louisiana to recruit students for its pilot training school or any of its other services. WESTERN's president admits that solicitation calls were made to Louisiana from responses to their advertisements but, none of those calls resulted in WESTERN obtaining students from Louisiana and no other marketing campaign was subsequently conducted to recruit Louisiana residents for its flight school. We find that WESTERN's advertising is not continuous and regular contact with Louisiana.
In further support of its holding, this court finds from the record that WESTERN operated in California and its stock was divided among a California corporation, A-440 Enterprises, and two California residents. WESTERN had no territorial existence in Louisiana in the form of agents, employees or offices. WESTERN did not have flight school students enrolled in its school from Louisiana.
Other than by holding FAA licenses and advertisements in national aviation publications, plaintiff's presents evidence of only two other contacts with Louisiana: WESTERN serviced a California owned Piper aircraft in California that was sold to a resident of Louisiana and subsequently rented to Mayo and WESTERN flew over Louisiana airspace when two recently purchased airplanes were being delivered from the factory in Florida to WESTERN's office in California. We hold that WESTERN's contacts taken individually or in their totality do not constitute continuous and systematic contact with Louisiana.
We find the evidence offered by plaintiff of contacts between WESTERN and Louisiana tenuous and fortuitous at best. Consequently, we find that the plaintiff failed to meet her burden to show sufficient minimal contacts, i.e. continuous and systematic, between the defendant and Louisiana to create the presumption that the Louisiana court has authority to assert its jurisdiction over WESTERN.
Finally, we address whether WESTERN is a manufacturer. The plaintiff must first show that WESTERN manufactured a product or component thereof which caused damage or injury in Louisiana. Secondly, the plaintiff must show, if at the time of placing the product into the stream of commerce, WESTERN could have foreseen, realized, expected, or anticipated that the product may eventually be found in Louisiana by reason of its nature and the manufacturer's marketing practices.
The record indicates that WESTERN serviced the Mayo airplane by taking the carburetor out of the airplane and sending it to another party, Cruise Air, Inc., who made certain adjustments. Once those adjustments were completed, WESTERN reinstalled the carburetor. We find that the plaintiff failed to show that WESTERN was in any way a manufacturer. She presented no evidence to show that WESTERN produced, made, fabricated, constructed, designed, remanufactured, reconditioned, or refurbished the carburetor which plaintiff alleges caused the injuries to Mayo. Moreover, plaintiff offered no evidence that even suggested that WESTERN held itself out as a manufacturer much less labeled the carburetor in Mayo's airplane as its own. Plaintiff did not show that WESTERN exercised control over Cruise Air, Inc. in the way that it serviced the carburetor. The cases cited by plaintiff lend no support to her argument. *321 Both Hedrick and McBead dealt with manufacturers and fabricators of products and are not analogous to the facts in this case. Hedrick v. Daiko Shoji Company, Ltd., Osaka, 715 F.2d 1355 (9th Cir.1983); McBead Drilling Company v. Kremco, Ltd., 509 So.2d 429 (La.1987).
For the aforementioned reasons, we do not find that WESTERN is a manufacturer as required by Louisiana Revised Statute 13:3201. Because we do not find WESTERN to be a manufacturer, we need not consider whether WESTERN could have foreseen, realized, expected, or anticipated that the product may eventually be found in Louisiana by reason of its nature and the manufacturer's marketing practices.

Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are to be paid by plaintiff-appellant.
AFFIRMED.