hSAUNDERS, Judge.
Plaintiff, Alvin Ken Faulk, appeals adverse judgments on an exception of res judicata and a motion for summary judgment filed by defendants, Elson Morvant and State Farm Mutual Automobile Insurance Company.
The trial court granted judgment as to each in favor of defendants. We reverse.

FACTS

These proceedings erupted from an automobile accident that occurred in May 1992 when the alleged tortfeasor, Paula Ann Mor-vant, a minor, was ^driving an automobile owned by Leslie LeBlane and insured by Allstate Insurance Company. Paula was also insured under a policy issued to her father, Elson Morvant, who had insurance with State Farm Mutual Automobile Insurance Company.
Plaintiffs, Alvin and Beverly Faulk, filed suit against Elson Morvant, as the father of the minor, Paula (individually), Allstate and State Farm. Allstate was dismissed by Motion and Order for Partial Dismissal filed by plaintiffs June 18,1993. The exception of res judicata and motion for summary judgment were filed by Elson Morvant as administrator for his minor daughter’s estate June 29 and July 15, 1993, respectively. A hearing on these matters was held September 13, 1993, and the trial court signed its Judgment of Dismissal October 11,1993, adopting as its reasons those articulated by defendants’ brief.
The question presented on appeal is whether Paula’s father and insurer, State Farm, are entitled to dismissal by virtue of Allstate’s dismissal, notwithstanding plaintiffs having reserved all rights against the remaining defendants.

ANALYSIS

Res judicata:

Plaintiff, Alvin Ken Faulk, maintains on equitable grounds that neither he nor Allstate contemplated dismissal or release of the minor, Paula Ann Morvant, from any liability arising outside of her relationship with Allstate. On legal grounds, he advances the position that State Farm and its adult insured, not parties to the agreement, should not be permitted to construe it in such a way jas to warrant dismissal of his claims as to them, as they arise independently. He cites two First Circuit cases that support this contention.
*702 “The defense of compromise is properly raised through the exception of res judicata. Orgeron v. Loop, Inc., 433 So.2d 278, 280 (La.App. 1st Cir.1983). For the objection of res judicata to be well founded, each of the following elements must be present: (1) an identity of the thing demanded; (2) the same cause of action; and, (3) the same parties appearing in the same quality. LSA-R.S. 13:4231. The absence of any of these elements is fatal to a claim of res judicata. Morris v. Fleniken, 473 So.2d 319, 320 (La.App. 1st Cir.1985).”
Edmond v. Granger, 521 So.2d 627, 628 (La.App. 1st Cir.), writ denied, 522 So.2d 573 (La.1988).
In Edmond, a judgment of res judicata was reversed as to a second insurer, although plaintiffs settled with and released not only the other insurer, but the second insurer’s insured, because the insured’s release only concerned his relationship as to the first insurer. The court based its decision on the second insurer’s not having been named a party to the compromise: “a party claiming res judicata based on a compromise agreement must have been a party to the compromise.” Id., citing Morris, supra.
In Morris, plaintiff filed suit against defendant on the basis of an alleged intentional tort. Defendant answered the suit and filed a third party demand against his liability insurer. Subsequently, plaintiff and the insured reached a settlement releasing defendant from any further claims without reserving rights against the insurer or any other parties. On appeal, the court reversed a judgment of res judicata: the insurer was not a party to the compromise.
^Defendants counter the preceding authority with eases from this circuit. Specifically, they cite three cases which they maintain support a finding in their favor, Hannie v. Wall, 569 So.2d 1044 (La.App. 3d Cir.1990), writ not considered, 573 So.2d 1116 (La.1991) (untimely); Recard v. Trinity Universal Ins. Co., 503 So.2d 519 (La.App. 3d. Cir.), writs granted, 506 So.2d 105 (La.1987), dismissed pursuant to compromise, 509 So.2d 1011 (La.1987); and Funai v. Air Center, Inc., 499 So.2d 669 (La.App. 3d Cir.1986).
Plaintiffs believe these cases are distinguishable on their facts and we agree. Han-nie and Funai involved insurers whose only connections to their respective lawsuits were insureds sued in only one capacity and then released. In Hannie, we held that the release of an attorney for malpractice claims “as a matter of law amounted to a release of his professional liability insurer.” Id., at 1050. The only thread connecting the insurer to the suit was the claim against its insured; when that thread was severed, so too was its connection to plaintiff, and the insurer was entitled to be dismissed. There existed a similar legal identity of interests in Funai.[1]
Recard too is distinguishable. In Recard, citing Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3d Cir.1964), we refused on rehearing to permit a creditor to recover from one solidary obligor the total sum owed, because that creditor’s actions deprived the obligor of his right to seek |scontribution from another obligor previously released by the plaintiff. Thus, Recard too is inapposite as it concerned a co-debtors right to reduce contribution, not res judicata.[2]
For the reasons which follow, we subscribe to the view advanced by the First Circuit: the opinions of this circuit cited by defendants do not control.
The judgment of the trial court granting defendant’s exception on grounds of res judi-cata is reversed.

*703
SUMMARY JUDGMENT

Plaintiff also appeals the summary judgment granted by the trial court in favor of defendants. According to him, the release signed by Allstate, its adjuster, and Alvin Ken Faulk was not intended to dismiss minor Paula Ann Morvant beyond the scope of Allstate’s exposure. Second, he again contends that State Farm and its insured cannot rely on a release to which they were not a party.
“On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.”
Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
| (¡Defendants’ theory is that because plaintiff alleged the minor to be wholly responsible for the delict, her release by plaintiff automatically (i.e., as a matter of law) discharged them from any liability; thus, summary judgment was appropriately granted.
In order for a compromise agreement to be valid, all of the parties to be bound by it must have signified their intentions by adhering to the formal requisites enunciated in LSA-C.C. art. 3071, which states that such agreements “must be either reduced into writing or recited in open court....”
Moreover, for a written compromise to be valid under LSA-C.C. art. 3071, each of the parties to the agreement must expressly indicate its intentions, Bourgeois v. Franklin, 389 So.2d 358 (La.1980), personally or through an agent, Felder v. Georgia Pacific Corp., 405 So.2d 521, 524 (La.1981), whether at the same time and in the same instrument or not. Michot v. Mose, 649 So.2d 441 (La.App. 3d Cir.1994); Anderson-Dunham, Inc. v. Hamilton, 564 So.2d 823 (La.App. 1st Cir.), writ denied, 569 So.2d 963 (La.1990).
Our review of the record reveals that neither the minor, her administrator, nor either’s representative signed the release. Therefore, the summary judgment in favor of defendants was inappropriate.

DECREE

Because State Farm and the minor’s administrator were neither signatories to the agreement plaintiff, Alvin Ken Faulk, reached with Allstate and its insured, nor participants in any compromise agreement recited in open court, Rwe reverse the trial court’s judgment of res judicata and summary judgment. Costs of appeal taxed to the losing parties.
REVERSED.
DECUIR, J., dissents and assigns reasons.
DOUCET, J., dissents for reasons assigned by DECUIR, J.

. Funai actually concerned an exception of lis pendens. Plaintiff filed two lawsuits, one in Oklahoma involving only an insured, and one in Louisiana involving both the insured and its insurer. Both cases involved the same aviation disaster and the same plaintiffs. Finding that the two lawsuits were between the same parties in the same capacities, on the same cause of action, and having the same object, we stayed the Louisiana proceedings pending the outcome of the Oklahoma lawsuit.

. We hasten to note, however, that after a trial on the merits appellants could conceivably obtain a reduction in quantum, depending on the apportionment of fault by the factfinder. See, e.g., Wall v. American Emp. Ins. Co., 386 So.2d 79, 84 (La.1980) and Harvey v. Travelers Ins. Co, supra. See also, Ducote v. Commercial Union Ins. Co., 616 So.2d 1366, 1371 (La.App. 3d Cir.), writ denied, 620 So.2d 877 (La.1993).